## IN THE UNITED STATES DISTRIC COURT
## FOR THE DISTRICT OF PUERTO RICO

EDWIN CALDERON TORRES *et al.,*

Plaintiff,

v.

SIG SAUER, INC.,

Defendant.

CIVIL NO.: 3:24-cv-01441(PAD)

## MOTION REQUESTING LEAVE TO ALTER THE CASE MANAGEMENT ORDER

**TO THE HONORABLE COURT:**

**NOW COMES**, defendant, SIG SAUER, INC. ("SIG" or "Defendant,") through its undersigned attorneys, and very respectfully STATES and PRAYS as follows:

1.      On January 14, 2025, the Court entered a Case Management Order scheduling procedural, discovery, and motion practice deadlines for this case. (**Dkt. No. 11**.)  Since then, SIG has been diligently performing discovery upon Plaintiffs, and third persons, issuing subpoenas, and gathering information related to the case and its defense.

2.      On three prior occasions, SIG detailed the discovery efforts that it has performed thus far.  See **Dkts. 23, 25,** and **27**.  Along with the written discovery that was served on all Plaintiffs, SIG has also scheduled Mr. Edwin Calderón's deposition for May 6, 2025, and set the depositions of the other five (5) remaining co-plaintiffs for  June 3, 6, and 10, 11, and  13. Plaintiffs have not served any discovery on SIG or on any other person.

3.      SIG has also scheduled the inspection of the subject pistol for May 29, 2025, at 10AM, at the PRPD weapons depository, at their Headquarters. SIG sought to schedule the pistol inspection earlier but was unable to do so due to renovations at the PRPD weapons depository.

4.      On April 10, 2025, the Plaintiff, Edwin Calderón-Torres served his answers to the interrogatories and requests for admissions.  The responses provided were incomplete, unresponsive, and/or evasive, and the objections improper or invalid, which prompted a lengthy exchange of communications with counsel to address our objections to the answers and objections provided.  Despite efforts to meet and confer, as mandated by the Case Management Order prior to bringing the dispute for this Court's consideration, counsel did not meet. To ensure efficiency, SIG opted to further address the deficient responses and improper objections during the scheduled deposition of Mr. Calderon-Torres (scheduled for May 6, 2025.).  Calderón-Torres did not provide the documents that were requested, and again through lengthy exchanges with opposing counsel, we agreed on May 1st, 2025, as the deadline for the Plaintiff to provide the disclosure of documents, to avoid having to delay the Plaintiff's deposition.

5.      The remaining Plaintiffs have thus far not provided their answers to the written discovery requests.  Having been served with written discovery requests on April 2, 2025, their deadline to serve responses expires on May 2, 2025.

6.      In response to the subpoenas that have been issued by SIG, SIG has received numerous documents and reports from the PRPD and others and has disclosed them to Plaintiffs.  Those reports have so far revealed the relevant involvement, in one way or another,

of fourteen (14) police officers who have either investigated, gathered data, or in material or pertinent way secured information related to the incident. Further information, pending to be disclosed, could reveal the identity and nature of the involvement of other potential witnesses.

7.     These officers will need to be deposed, and based on prior experience, we anticipate that most, if not all, of the police officers will need the assistance of translators to be able to be deposed as well as possible legal representation by the Puerto Rico Department of Justice lawyers.  Additionally, scheduling their depositions will require coordination of dates with the witnesses and counsel for Plaintiffs. This will lengthen the time needed to depose each officer, while at the same time limiting the number of depositions that can be taken in one day. We are in the process of working with the PRPD and its legal team to schedule these depositions.

8.     Furthermore, the use of expert witnesses will also require additional time for their work to be completed, reports to be tendered, and their depositions to be taken.

9.     Per the above, SIG posits that considering the amount of discovery that is yet to be completed, and the possible existence of other witnesses, the current discovery deadline of July 14, 2025, presents an unsurmountable challenge.  Thereafter, meeting the remaining deadlines also seems unachievable, and thus SIG files this motion to extend the deadlines set in the Case Management Order for good cause shown as required under Fed. R. Civ. P. 6 (b)(1).

10.     SIG also respectfully requests that this Honorable Court include deadlines for the exchange of expert reports in an Amended Case Management Order. SIG needs to understand Plaintiffs' theory – as supported by the necessary expert testimony – of how the

subject pistol is allegedly defective and how it discharged before SIG's experts can properly respond to such a claim. As a result, we have included proposed expert deadlines in the schedule below to allow for the efficient exchange of expert information and to avoid potential future disputes requiring the Court's intervention.

11.    Hence, SIG requests that this Honorable Court grant leave to alter the current Case Management Order, and re-schedule the deadlines as suggested here:

a.    Plaintiffs to disclose experts and provide required Rule 26(a)(2)(B) reports by **September 26, 2025**,

b.    Defendant to disclose experts and provide required Rule 26(a)(2)(B) reports by **October 27, 2025**,

c.    Conclusion of Discovery by **December 31, 2025**,

d.    Dispositive Motions by **February 27, 2026**,

e.    Oppositions to Dispositive Motions by **March 30, 2026**,

f.    Replies and sur-replies – Submitted without further court authorization no later than five (5) days after filing of the motion they are responding to.

12.    SIG certifies that it makes the foregoing request for good cause shown and in good faith, not to unduly delay the case or inconvenience co-plaintiffs or the Court.

**WHEREFORE**, SIG SAUER, Inc., respectfully requests that this Honorable Court takes notice of the above and GRANT this request to alter the Case Management Order as suggested here.

**RESPECTFULLY SUBMITTED,**

In San Juan, Puerto Rico, today April 24, 2025.

**WE HEREBY CERTIFY** that, on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification to all counsel of record, all CM/ECF participants in the case.

**Littleton, Joyce Ughetta & Kelly, LLP**
4 Manhattanville Road, Suite 202
Purchase, NY 10577
Tel. 914.417.3400
Fax. 914.417.3401

*s/ Brian Keith Gibson*
keith.gibson@littletonjoyce.com

**Littleton, Joyce Ughetta & Kelly, LLP**
201 King of Prussia Road, Suite 220
Radnor, PA 19087
Tel. 484-254-6220
Fax. 484-254-6221

*s/Kristen E. Dennison*
kristen.dennison@littletonjoyce.com

**Marichal Hernández LLC**
1510 Ave FD Roosevelt, Suite 9B1
Guaynabo, PR 00968-2620
PO Box 190095
San Juan, PR 00919-0095
Tel 787.753.1565
Fax 787.763.1704

*s/Miguel A. Rangel Rosas*
USDC Bar No.: 218601
mrangel@mhlex.com

**Coto & Associates**
Counsel for SIG SAUER, INC.
Suite 800
255 Ponce de Leon Ave.
San Juan, PR 00917
Po Box 71449
San Juan, PR 00936-8549
Phone: 787-756-9640
Fax: 787-756-9641

*s/ Ramón Coto-Ojeda*
Ramon Coto-Ojeda, Esq.
USDC-PR No. 202006
rco@crlawpr.com