IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EDWIN CALDERON TORRES, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SIG SAUER, INC.,<br><br>Defendant. | Civil Action No.<br>3:24-cv-01441(PAD) |

**MOTION REGARDING PLAINTIFFS GLADYS TORRES SÁNCHEZ, JACOB CALDERÓN RODRÍGUEZ, AND SAMUEL CALDERÓN TORRES FAILURE TO COMPLY WITH ORDER TO COMPEL (DOCKET NO. 58)**

**TO THE HONORABLE COURT:**

**NOW COMES**, defendant, Sig Sauer Inc. ("SIG"), by its undersigned attorneys, and pursuant to Fed. R. Civ. P. 37(b)(2)(A), very respectfully STATES and PRAYS as follows:

**I. INTRODUCTION.**

1. During the depositions held in June 2025, the undersigned counsel examined plaintiffs Gladys Torres Sánchez ("Mrs. Torres"), Jacob Calderón Rodríguez ("Mr. J. Calderon"), and Samuel Calderón Torres ("Mr. S. Calderon") (hereinafter, collectively, the "family member Plaintiffs") as part of the discovery stage in this case.

2. During those depositions, the family member Plaintiffs were asked to produce and identify several categories of documents and information directly related to their claims, which surfaced

during their testimonies and that admittedly were used by them to prepare their answers to SIG's interrogatories. The documents and information requested during the depositions included, but were not limited to, contracts; communications; materials reviewed that allowed them to answer the interrogatories; translations made by Mr. J. Calderon of SIG's interrogatories to the Spanish language for the benefit of Mrs. Torres and Mr. S. Calderon and of their draft responses from Spanish to English; and other records, documents, and information supporting their responses and their alleged damages. SIG notes that the information and documents requested regarding the responses to interrogatories are substantial as the responses were served in the English language, and under penalty of perjury, without any reservations as to the use of the English language by Mrs. Torres, Mr. S. Calderon, and co-plaintiff Mr. Edwin Calderon Garcia--all of whom admittedly do not know the English language.

    3.   Since those depositions, SIG has engaged in consistent, timely, and good-faith efforts, both in writing and in meetings, to obtain the information and documents requested without Court intervention.

    4.   As this Honorable Court is aware, the family member Plaintiffs' failure to produce the requested information and documents prompted SIG to file a *Motion to Compel* on September 8, 2025, (hereinafter "*Motion to Compel*"). Even though they relied

2

upon such information and documents for the responses to interrogatories, as well as for their testimonies during their depositions, and expressly represented to SIG that they would later produce them, they failed to do so. **[Docket No. 48]**.

5. The Motion to Compel sets forth, in detail, the family member Plaintiffs' repeated failures to comply with their discovery obligations, including the breach of agreements reached during the meetings held on August 4 and August 28, 2025, and the need for Court's intervention to prevent further delay. **[See Docket No. 48]**.

6. On October 7, 2025, this Honorable Court issued an Order granting, in part, the relief sought by SIG in the *Motion to Compel*. **[Docket No. 58]**. In it, the Court acknowledged the family member Plaintiffs' representations that they would fully comply with and produce all requested materials and explicitly ordered them to do so by October 10, 2025.

7. In its Order, the Court stated: *"The Court will take plaintiffs at their word. The information and certifications shall be produced not later than COB on October 10, 2025. Failure to comply will have consequences."* **[Docket No. 58]**. In reliance upon those representations, the Court refrained from imposing sanctions at that time, granting the family members Plaintiffs one final opportunity to comply.

3

8. However, the family members Plaintiffs failed to comply despite the admonition of this Honorable Court.

9. SIG therefore moves for sanctions against the family members Plaintiffs for not obeying this Honorable Court's Order as may be deemed just and appropriate under the circumstances.

## II. DISCUSSION.

1. The district court is empowered to impose sanctions against a party who fails to comply with a discovery order pursuant to *Fed. R. Civ. Proc. 37(b); Marshall v. F.W. Woolworth, Inc.*, 122 F.R.D. 117 (D.P.R. 1988) citing *Marquis Theatre Corp. v. Condado Mini Cinema,* 846 F.2d 86 (1st Cir. 1988); *Ganapolsky v. Keltron Corp.,* 823 F.2d 700 (1st Cir. 1987).

2. Fed. R. Civ. P. 37(b)(2)(A), expressly authorizes the Court to impose sanctions when a party fails to comply with an order related to discovery. This provision recognizes the need to ensure effective compliance with judicial orders and to safeguard the integrity of the litigation process.

3. Specifically, Fed. R. Civ. P. 37(b)(2)(A) empowers the Court to issue such further orders upon a party's disobedience including, but not limited to, deeming the matters covered by the order established; prohibiting the non-compliant party from supporting or opposing designated claims, defenses, or evidence; striking pleadings in whole or in part; staying proceedings until

the order is obeyed; dismissing the action; entering default judgment; or treating the failure as contempt of court.

4. Despite the Court's clear Order, and SIG's numerous follow-up efforts, the family member plaintiffs continue to fail to comply, as shown herein.

5. On October 10, 2025, the family member Plaintiffs submitted three (3) statements under penalty of perjury--one from each family member Plaintiff-—along with a list identifying documents allegedly produced in compliance with their representations in response to the *Motion to Compel* and referencing that those documents and information were included in an USB drive which was not produced.

6. SIG promptly notified Plaintiffs´ counsel that there was no USB included with the purported production of documents and information, and on October 14, 2025, SIG received the USB drive, allegedly containing the full production of documents and information.

7. SIG undertook a prolonged and painstaking review of the documents and information contained in the USB drive and compared it with what had been previously produced. After this review, SIG has now confirmed that the family member Plaintiffs **did not produce any new documents or information.** Rather, they have **duplicated exactly the same documents already produced months earlier**—

precisely the same inadequate set that prompted SIG to file the *Motion to Compel*.

8. Additionally, the three (3) statements under penalty of perjury submitted by the family members Plaintiffs also revealed material inconsistencies between their English and Spanish versions[1].

9. When comparing the three (3) statements, it becomes apparent that the certifications either do not mesh or are in complete contradiction to one another, leaving SIG and this Court to engage in guesswork as to what the family member Plaintiffs provided, failed to save, or excluded, and why. In addition, there are no grounds for failure to produce information that was identified by the family member Plaintiffs during their depositions other than their simple unwillingness to produce it.

10. These discrepancies are important, as they modify the scope of the attestations made by the family members Plaintiffs. They further cast doubt on their claimed representation to this Honorable Court that they would comply by producing all documents and information requested during the depositions.

---

[1] In Spanish, the three (3) statements certify that any *information or document* not included in the USB was either not saved or it does not exist: *"Yo puedo CERTIFICAR que cualquier información o documento que no fue incluido en dicho dispositivo es porque no fue guardado o no existe."* In contrast, the English versions limits that certification solely to *information*, omitting any reference to *documents*: *"I can CERTIFY that any information not included in the device is because it was not stored or it does not exist."*

6

11. Moreover, all three (3) statements are identical and drafted in generalized terms, without specifying which of the previously requested documents or information were addressed, were not stored, or do not exist. Copies of the statements are attached as Exhibits 1, 2, and 3 for the Court's review.

12. To date, therefore, the family member Plaintiffs have failed to produce the following items specifically requested during their depositions, reaffirmed in the Motion to Compel, and required to be produced by the Court's Order based on Plaintiffs' representations that, as shown, proved to be wrong:

    a. **Professional Services Contract.** Mrs. Torres expressly referenced such a contract during her deposition testimony, SIG called for its production, and yet Plaintiffs have refused to produce it.

    b. **Supporting document and information** for the responses to interrogatories, particularly those that claimed their alleged entitlement for damages, such as:

        i. All materials, documents, websites, or other resources viewed by Mr. J. Calderón regarding the functioning and handling of the Sig Sauer P320;

        ii. All materials, documents, websites, cases, and other resources viewed by Mr. J. Calderón regarding the functioning of firearms;

7

      iii. All materials, documents, websites, cases, and other resources viewed by Mr. J. Calderón regarding his impression that all firearms have a safety switch.

c. **Communications and records** that the family member Plaintiffs referenced or relied upon in preparing their discovery responses, such as:

      i. All e-mail communications between Mr. J. Calderón and Mrs. Torres regarding the translations of the first set of interrogatories and the translations of the answers to the interrogatories prepared in Spanish by Mrs. Torres;

      ii. All e-mail or WhatsApp communications between Mr. J. Calderón and Mrs. Torres regarding the translations of the first set of interrogatories and the translations of the answers to the interrogatories prepared in Spanish by Mr. S. Calderón;

      iii. All notes taken by Mr. J. Calderón regarding the translations of the first set of interrogatories and the translations of the answers to the interrogatories prepared in Spanish by co-plaintiff Mr. Edwin Calderón García;

    iv. All WhatsApp communications between Mr. J. Calderón and Mr. Edwin Calderón Rodríguez regarding the interrogatories and answers to the requests: The answers to the interrogatories of Mr. J. Calderón, which he sent to his brother as an example, were not produced, though it is evident from their message exchange that they exist;

    v. The English translation of the responses prepared by Mr. J. Calderón; and

    vi. The document used by Mrs. Torres to elicit the responses from Mr. S. Calderón.

d. **Other information or documents** the family member Plaintiffs failed to produce, which were requested during the depositions, included:

    i. All stored materials, documents, websites, cases (including the *Green Berrios* case), audiovisuals, or other resources viewed by Mr. J. Calderon, including the Sig Sauer website, which informed his opinion about the alleged defects of the Sig Sauer P320;

    ii. Full name and address of Mr. S. Calderon's girlfriend ("novia") (referred to him by the name "Yari"), who lives in Añasco.

9

13. In view of the family member Plaintiffs continued failure to produce the documents and information identified during the depositions, this Honorable Court should impose on them one or more of the sanctions provided under Fed. R. Civ. P. 37(b)(2)(A). If the family member Plaintiffs now claim not to have them, that they were not saved, or they are unable to produce them, then the family members Plaintiffs must bear the consequences of why they no longer have these documents and information within their possession, custody, or control when they were identified during their depositions and were used to prepare their responses to the interrogatories. Considering possible spoliation issues, generalized certifications are insufficient under the Federal Rules and fail to demonstrate good faith compliance. *See* Fed. R. Civ. P. 37(a).

14. Finally, given the nature and extent of the information and documents identified and requested to be produced, which was used for the purpose of preparing their responses to the interrogatories, it does not stand to reason that they do not exist nor that they were not saved.

### III. PRAYER FOR RELIEF.

WHEREFORE, **SIG SAUER, Inc.** respectfully requests that this Honorable Court:

1. Find that the family member Plaintiffs have failed to comply with the Court's October 7, 2025, Order **[Docket. No. 58]**;

2. Order Plaintiffs to pay the reasonable expenses incurred by SIG in obtaining the referenced discovery and in preparing the *Motion to Compel* and this motion, including attorney's fees, in response to the family member Plaintiffs' failure to comply with their discovery obligations; and

3. Sanction the family member Plaintiffs for their non-compliance, with any of the remedies provided in Fed. R. Civ. P. 37(b)(2)(A) that this Honorable Court deems just and appropriate under the circumstances.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, on November 5, 2025.

**WE HEREBY CERTIFY** that, on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification to all counsel of record, all CM/ECF participants in the case.

<div style="display: flex;">

**Littleton, Joyce Ughetta & Kelly, LLP**
4 Manhattanville Road, Suite 202
Purchase, NY 10577
Tel. 914.417.3400 Fax. 914.417.3401

*s/Brian Keith Gibson*
keith.gibson@littletonjoyce.com
(Admitted *Pro Hac Vice*)

**Littleton, Joyce Ughetta & Kelly, LLP**
2460 N. Courtenay Pkway, Ste. 204
Merritt Island, FL 32953
Tel. 321-574-0280 Fax. 321-574-4054

*s/Kristen E. Dennison*
kristen.dennison@littletonjoyce.com
(Admitted *Pro Hac Vice*)

**Marichal Hernández LLC**
1510 Ave FD Roosevelt, Suite 9B1
Guaynabo, PR 00968-2620
PO Box 190095
San Juan, PR 00919-0095
Tel. 787.753.1565   Fax 787.763.1704

*s/Miguel A. Rangel Rosas*
USDC Bar No.: 218601
mrangel@mhlex.com

**Coto & Associates**
Counsel for SIG SAUER, INC.
Suite 800
255 Ponce de Leon Ave.
San Juan, PR 00917
Po Box 71449
San Juan, PR 00936-8549
Phone : 787-756-9640
Fax : 787-756-9641

*s/Ramón Coto-Ojeda*
Ramon Coto-Ojeda, Esq.
USDC-PR No. 202006
rco@crlawpr.com

</div>