**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **EDWIN CALDERÓN-TORRES; <u>ET AL.</u>,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**SIG SAUER, INC.,**<br><br>**Defendant.** | **CIVIL NO. 24-1441 (PAD)** |

**MEMORANDUM AND ORDER**

Puerto Rico Police Officer Edwin Calderón-Torres and his family sued SIG Sauer, Inc. ("SIG"), alleging that Calderón-Torres' 9mm caliber SIG Sauer P320 service pistol manufactured by SIG discharged itself due to a factory defect and wounded him, causing plaintiffs damages (Docket No. 1, pp. 3-5). On September 8, 2025, SIG filed a Motion to Compel (Docket No. 48) which the court granted in part through a Memorandum and Order issued on October 7, 2025 (Docket No. 58)("the October 7 M&O"). Plaintiffs, however, failed to comply with the October 7 M&O. As a result, SIG filed a "Motion for Sanctions" (Docket No. 77). On January 8, 2026, the court granted SIG's "Motion for Sanctions" in part by way of a Memorandum and Order (Docket No. 85)("the M&O"). In doing so, it explained in detail why plaintiffs' responses were non-compliant with Fed. R. Civ. P. 34 and ordered plaintiffs to (1) supplement their responses to comply with the court's M&O's and the Federal Rules of Civil procedure and (2) show cause as to why sanctions should not be imposed against them. <u>Id.</u>, p. 5.

On January 21, 2026, plaintiffs filed a "Response and Informative Motion Related to Defendant's Motion to Compel and Court Order" (Docket No. 92) in which they stated that they had supplemented their answer using the court's order as a "guideline" and that they "hope" they

Calderón-Torres; et al. v. SIG Sauer, Inc.,
Civil No. 24-1441
Page 2

are now in compliance.  Id., p. 1.  As to why plaintiffs should not be sanctioned, the Response insists that they did comply and obey the court "to the best of their abilities."  Id., p. 2.  Plaintiffs' counsels apologized "for the situation" but minimized their responsibility, averring that since the responses are documents "submitted as part of the discovery there is not much that the attorneys can do in order to help the process and not influence or answer by the party [sic]."  Id.  Shortly thereafter, SIG filed an "Opposition and Informative Motion" (Docket No. 93) in which it contends that plaintiffs did not in fact comply with the court's M&O at Docket No. 85 and requests sanctions accordingly.  Plaintiffs did not reply.  And so, the court must once again wade into yet another discovery issue in this case.

### A. Plaintiffs' Compliance with the Court's Orders and the Federal Rules of Civil Procedure

SIG makes three observations that, it contends, amount to non-compliance with the court's orders.  First, it notes that the "documents produced were identified in a list format with a letter notation, not by Bates stamps" (Docket No. 93, p. 5).  That is not, however, a violation.  The M&O required plaintiffs to "state precisely which documents are responsive to each request and reference them accordingly" (Docket No. 85, p. 4).[1]  Second, SIG observes that plaintiffs failed to identify which of the documents were responsive to which request.  See, Docket No. 93, p. 5.  And thirdly and similarly, SIG asserts that plaintiff did not identify which of the responsive documents had already been produced.  See, id.

On these latter two observations, a review of the responses produced by plaintiffs proves SIG correct.  See, Docket No. 92-1; 92-2; 92-3.  The M&O ordered each plaintiff to "state precisely which documents are responsive to each request and reference them accordingly" (Docket No. 85,

---

[1] The court noted that the "standard operating procedure in this District is to use Bates numbers" for this purpose (Docket No. 85, p. 4, n.3).  But it did not obligate plaintiffs to use that exact procedure.

Calderón-Torres; et al. v. SIG Sauer, Inc.,
Civil No. 24-1441
Page 3

p. 4). Similarly, the M&O also ordered that "if responsive documents have previously been produced, plaintiffs shall point directly and specifically to them" (Id., p. 5). The responses did not comply with those directives. Due to these oversights, it took SIG "more than twelve (12) hours" to review, analyze, and compare the documents produced by plaintiffs to the previous, defective, production. See, Docket No. 93, p. 6. All this, only to discover that "most of the documents were only copies that had been previously produced." Id., p. 5. Moreover, emails were produced without the corresponding attachments. Id., p. 6. This amounts to non-compliance with the M&O.

### B. Attempt to Show Cause

The M&O also ordered plaintiffs to show cause as to why they should not be sanctioned for failing to comply with the previous October 7, 2025, Memorandum and Order (Docket No. 58). See, Docket No. 85, p. 5 (so ordering). In their motion, plaintiffs' attorneys attempt to shift the blame to plaintiffs themselves declaring, as mentioned earlier, that "there is not much that the attorneys can do in order to help the process and not influence or answer by [sic] the party." (Docket No. 92, p. 2). That is not true. Such an attempted evasion of responsibility is not well-taken.

Every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name. Fed. R. Civ. P. 26(g)(1). By signing, an attorney "certifies that to the best of [his] knowledge, information, and belief formed after a reasonable inquiry," the disclosure being made is "complete and correct as of the time it is made." Id. That is counsel's responsibility. It seems that in this case, plaintiffs gave counsel the documents that they had and certified as much. It was counsel's job to organize the documents and respond to each request accordingly. This is, as the court previously observed, elementary "Federal Discovery 101." It

Calderón-Torres; et al. v. SIG Sauer, Inc.,
Civil No. 24-1441
Page 4

need not be spelled out and micromanaged by the court.  The record does not reflect that plaintiffs personally hid, destroyed, or manipulated evidence.  Accordingly, the blame lies with counsels – not plaintiffs.

### C. Consequences

The court previously warned plaintiffs that failure to comply with the M&O "**will** result in sanctions."  (Docket No. 85, p. 5) (emphasis in original).  Plaintiffs' counsel did not heed that warning.  The court does not like sanctioning attorneys.  But plaintiffs' attorneys have given it no choice but to do so.  That said, this latest violation of a discovery order (Docket No. 85), and basic Federal Rules for that matter), is related but somewhat separate from the one that plaintiffs last attempted to show cause for (Docket No. 58).  Thus, in an abundance of deference to due process and in order to dispose of the matter in one sitting, plaintiffs' counsels are ORDERED TO SHOW CAUSE by **March 23, 2026,** as to why they should not be sanctioned for not complying with basic Fed. R. Civ. P. 26 and 34 discovery response requirements and the court's January 8, 2026, M&O (Docket No. 85).  The court will subsequently rule on the sanctions.

**SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of March 2026.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge